Frank A. Gtjlotta, J.
This application by MVAIC to vacate a demand for arbitration served by the respondent, Edgar Walter, will be treated as a motion for a stay under section 1458 of the Civil Practice Act which uses the latter term, although if the stay is permanent it may have the effect of a vacatur.
It is asserted that Walter, although he was himself the possessor of a liability insurance policy at the time of the accident on October 20,1959, is not an “ insured person ” under section 601 of the Insurance Law but a ‘ ‘ qualified person ” because his policy contained no uninsured motor vehicle indorsement and it was not deemed incorporated by force of law since the policy was already extant when subdivision 2-a of section 167 of the Insurance Law took effect on January 1,1959.
*900 Respondent is in error in assuming that this makes no difference to his right to arbitration. An indorsement in his policy is the exclusive source of his right to arbitrate with MVAIC. Article 17-A confers no such right on anyone—be he “ insured ” or ‘ ‘ qualified ’ ’.
However, I think the movant is in error in its position that because notice of claim was not filed until 10 months after the accident he may make no claim against it, because he does not meet the 90-day time limit for filing a claim against the owner of an uninsured auto under subdivision a of section 608.
Respondent procured a certified search from the Motor Vehicle Bureau, Form FS-25, in October, 1959, showing that defendant was insured with Hartford Accident and Indemnity Company. It was not until July 27, 1960, that he learned this information was false in a letter from Hartford. He thereafter on August 7, 1960, according to him, and August 23, 1960, according to MVAIC, filed notice of claim with it.
Respondent says he complied with subdivision c of section 608 which allows 10 days for filing a claim where there is a disclaimer or denial of coverage because of some act or omission of the persons alleged to be liable.
It will be observed that respondent does not literally fulfill this test because the disclaimer here is not based on failure to co-operate, give notice or the like, but because defendant was not insured at all.
However, this court considers it unconscionable to penalize a claimant for not having done the impossible, to wit, file a claim before he knew, or could possibly have found out it was due, or alternatively, to have acted on the assumption that all State department searches are defective or worthless and therefore should be ignored. To adopt such a rule would mean that every motor vehicle accident claimant, to protect himself, would have to file a claim with MVAIC as a matter of course. It would be inundated under such a barrage of paper as to paralyze its legitimate operations and the Legislature could never have intended such a result.
Accordingly the motion for the stay is granted, but without prejudice to the making of such claim against MVAIC as respondent may be advised.