Scileppi, J.
(dissenting). We should affirm. I would except from the 90-day period of limitation in subdivision (a) of section 608 of the Insurance Law all those whose failure to file a notice is attributable to circumstances such as presented in the present case.
The undisputed facts show that it would have been impossible for petitioner to give MVAIC notice that he had been in an accident with an uninsured vehicle even if he had inquired of the Department of Motor Vehicles within the 90 days.
Upon these facts, I would excuse the failure to file timely notice of claim. This is not a situation where the filing of notice of claim was overlooked or where petitioner ivas negligent. *137 Moreover, article 17-A of the Insurance Law is a remedial statute and should be construed so as to best effectuate the legislative intent set forth in subdivision (2) of section 600 of the Insurance Law (see Matter of Vanguard Ins. Co. [Polchlopek], 18 N Y 2d 376). Requiring MVAIC to accept the notice of claim would be in furtherance of the intent of the Legislature, and would fill a gap in the legislative scheme. To hold otherwise would be to require Jones to do the impossible (see Matter of MV AIC [Walter], 28 Misc 2d 899).
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified not answered.
Chief Judge Fuld and Judges Van Voorhis, Burke and Breitel concur with Judge Keating ; Judge Scileppi dissents in a memorandum in which Judge Bergan concurs.