Anthony M. Livoti, J.
This is an application to compel respondent to accept service of a notice of intention to file a claim under article 17-A of the Insurance Law.
Petitioner, while a pedestrian, was struck by the vehicle in question on February 22, 1961. His attorney sent a so-called claim letter to the driver (and owner) of the vehicle on February 27. By letter dated March 7, 1961, the driver replied in pertinent part as follows: “Inclose \_sic\ is a letter from my insurance Company but the insurance had not been fully paid *351 and was not in benefit [sic] at the time of the accident. * * * I have stored the car and have turned in the plates for as of now, 1 have no insurance and no job.” (Emphasis supplied.) Enclosed in that letter was a letter dated December 19, 1960, from said driver’s former insurance company which referred to and had enclosed therein a copy of the insurance policy which was to cover his vehicle as of December 8,1960.
Substituted service of the summons and notice was made on the driver on May 13, 1961, pursuant to an order of the City Court dated May 10,1961.
By letter dated May 26, 1961 petitioner’s attorney wrote to the insurance company named in the enclosure to the driver’s letter of March 7 and was informed by a reply dated May 29 that his policy had been cancelled as of January 31, 1961. A notice of intention to make a claim was filed with respondent in June, within 10 days after receipt of that reply, and rejected as untimely by respondent’s letter dated June 22, 1961.
Petitioner contends his notice was timely since it was filed within 10 days after receipt of the insurance company’s “ disclaimer ”, apparently seeing to invoke subdivision (c) of section 608 of the Insurance Law. Respondent contends that subdivision (a), not subdivision (e), of that section is controlling and that petitioner’s notice was not filed within 90 days after the date of the accident.
Section 608 of the Insurance Law provides three categories of situations under which a “ qualified person ” (as defined in § 601, subd. b) may file a notice of intention to make a claim against respondent: subdivision (a) covers situations involving “ a designated uninsured motor vehicle subdivision (b) covers situations involving “ a person or persons whose identity is unascertainable and subdivision (c) covers situations where 1 ‘ the insurer or insurers * * # have disclaimed liability or denied coverage ”. Under subdivisions (a) and (b) of section 608, the notice of intention to make a claim must be filed within 90 days of the accrual of the cause of action; under subdivision (c), within 10 days after receipt of the notice of disclaimer or denial of coverage. Leave to file after the expiration of the applicable period may be obtained in cases of infancy or of mental or physical incapacity either from respondent or the court, but application to the latter must be made within 120 days from the beginning of the applicable period for filing.
If appropriate effect is to be given to each of the subdivisions of section 608, it would seem that subdivision (a) and not subdivision (c) must be held to be controlling in the case at bar. Petitioner knew upon receipt of the letter dated March 7, *352 1961, from the driver of the vehicle that struck him that it was an “uninsured motor vehicle” (§ 608, subd. [a]). The information contained in the letter of the insurance company dated May 29, 1961, did no more than verify the driver’s statement. This information did not constitute a “ disclaimer or denial of coverage” within the meaning of subdivision (c) of section 608 since the quoted words presuppose at least a contrary assertion that a policy is in effect under which coverage is claimed. No such assertion was here made. To invoke the disclaimer or denial of coverage provision contained in subdivision (c) of section 608 to situations such as this would be, in effect, to limit the provisions of subdivision (a) to those situations where there is not and never has been any insurance in effect. In every other ease, although the lack of insurance was admitted, the person injured could simply ignore that admission, make inquiry of a former insurer and await the expected verifying reply before filing notice of intention to make a claim, all probably increasing the time interval between the happening of the accident and notification of the respondent. It is inconceivable that such was the result intended by the Legislature.
Since more than 90 days have expired since the accrual of petitioner’s cause of action, his application is denied.