HART *v.* COMMISSIONER OF MOTOR VEHICLES, STATE OF MARYLAND

[No. 53, September Term, 1961.]

*Decided November 7, 1961.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Thomas B. Yewell* and *John J. Pyne,* for appellant.

*Hal C. B. Clagett,* with whom were *Sasscer, Clagett & Powers* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

When the Circuit Court for Prince George's County by its order denied the application of Ruth F. Hart for permission to bring an action (under the Unsatisfied Claim and Judgment Fund Law) against the Commissioner of Motor Vehicles for personal injuries arising out of a "hit and run" accident, the applicant appealed.

The applicant was struck by an unidentified automobile operated by a person whose identity could not be ascertained and sustained fractures of both bones (tibia and fibula) of her lower right leg, causing her to be hospitalized immediately for the purpose of immobilizing the leg. Although she temporarily lost consciousness as a result of the accident, she suffered no injury to her head or brain. She remained in the hospital for sixteen days, and, on returning home, was bedridden for almost four months.

Thereafter, even though the broken bones had not united, the applicant was permitted to sit up in a chair and to move about on crutches. Several visits to the hospital were also made, with the assistance of her husband and daughter, for periodic orthopedic examinations. And, while her activities were somewhat limited, she was able to talk over the telephone without discomfort and did so both at the hospital and at home. She had personally reported the accident, within a month thereafter, to the Department of Motor Vehicles, but, because the applicant was not aware of her rights under the law until being informed of them more than six months after the accident, she failed to give timely notice to the Unsatisfied Claim and Judgment Fund Board of her intention to claim damages for her injuries.

The lower court, because it was of the opinion that the applicant was not so incapacitated that she (or someone on her behalf) could not have given notice of her claim before the expiration of the ninety day period fixed by the statute, ruled that the statutory requirements had not been met and denied the application for permission to bring an action against the Commissioner for the injuries she had sustained as a result of the accident. From this ruling, the applicant appealed.

The Commissioner, pursuant to Maryland Rule 836 d, included a motion to dismiss the appeal and his argument in support thereof in his brief. Oral arguments on the motion to dismiss and on the merits of the case were heard simultaneously. On the motion, the Commissioner, in arguing that neither the Unsatisfied Claim and Judgment Fund Law nor any other statute or rule of court provides for an appeal to this Court from an order of the circuit court, either permitting or denying leave to sue made pursuant to § 167 of Article 66-½ of the Code of 1957, contended that the appeal should be dismissed. We agree.

The Court of Appeals of Maryland for more than a century has consistently held that an appeal will not lie, unless it is specially provided for by statute, from a judgment rendered by a lower court in the exercise of a special or limited juris-

diction.[1]  And the courts in other states are generally in accord.[2]

Recently, in *Simpler v. State, Use of Boyd,* 223 Md. 456, 165 A. 2d 464 (1960), after pointing out that there are certain exceptions to the general rule that an appeal will lie from every judgment entered by a court of law in a civil action, and after examining in detail the pertinent provisions of the Unsatisfied Claim and Judgment Fund Law under which the lower court had acted in passing its order in that case directing payment from the "fund" of the statutory maximum of damages plus court costs and interest from the date of the order, we had occasion to hold that the lower court was not acting pursuant to its usual and ordinary jurisdiction, but was proceeding under a special, limited and summary jurisdiction which did not exist at common law, and that, in the absence of specific statutory authority to appeal, the provisions of § 1 of Article 5 (of the Code of 1957), providing that any party may appeal to this Court "from any final judgment or determination of a court of law in any civil suit or action," did not afford an appeal to this Court in that case.

We see no distinction between the instant case, in which the application for permission to bring an action against the Commissioner as the nominal party defendant in a "hit and run" case is authorized by § 167, and the *Simpler* case, *supra,* in which the application for payment out of the "fund" of a judgment recovered against a known operator of a motor vehicle was authorized by § 159 of the same statute.  In both sections it is specifically provided that the circuit court (as a court of competent jurisdiction) should proceed in a "summary manner" to grant or deny the relief sought.

We hold therefore, as we did in the *Simpler* case, that the

---

1. See, for example, the earlier cases collected in footnote (a) of *Wil. & Susq. R.R. v. Condon,* 8 G. & J. 285 (21-22 Brantley Anno. Ed. 1884), and the cases cited by Judge Prescott in the second footnote of *Simpler v. State, Use of Boyd,* 223 Md. 456. And see 2 M.L.E., *Appeals,* § 23, and the fifteenth footnote thereto, in which some (but not all) of the Maryland cases on the subject are listed.

2. See C.J.S., *Appeals and Errors,* § 51.

provisions of § 1 of Art. 5, *supra,* do not make it possible for the applicant to appeal from the order denying her permission to sue the Commissioner. The right to appeal to this Court, if there is to be one from an order passed by a lower court having only a special, limited or summary jurisdiction in the matter before it, must be legislatively conferred, for in the absence of such authority, we are without jurisdiction to entertain an appeal.

In arriving at this decision, we have not overlooked the several cases in other states having unsatisfied claim and judgment statutes, where appeals involving such statutes have been entertained by the appellate courts in those jurisdictions,[3] but it appears that in each case the appeal was either specifically allowed by statute or was available under appellate procedures permitting certification of questions of law to a higher court for decision. Clearly none is authority for a ruling contrary to that in the instant case.

We may add that even if we had jurisdiction to consider this case on its merits, it is not likely that the result would be different.

*Appeal dismissed; appellant to pay the costs.*

---

**3.** Such as the North Dakota case of *Rall v. Schmidt,* 104 N. W. 2d 305; the New Jersey cases of *Giles v. Gassert,* 127 A. 2d 161, *Giacobbe v. Gassert,* 149 A. 2d 214, and *Greene v. Director of Div. of Motor Vehicles,* 167 A. 2d 642; and the New York case of *McNair v. Motor Vehicle Accident Indem. Corp.,* 216 N. Y. Supp. 2d 840.