NICHOLAS, Adm'r et al. *v.* GALFORD

[No. 133, September Term, 1961.]

*Decided January 12, 1962.*

The cause was argued before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*E. Clinton Bamberger, Jr.,* and *John C. Cooper, III,* with whom was *Vance V. Vaughan* on the brief, for appellants.

*William I. Pace,* with whom were *McCullough & Pace* and *William H. McCullough* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

This is the second instalment in the effort of Herbert Galford to recover for injuries he sustained in an automobile accident. The first sought a declaration that National Indemnity Company was an insurer of Hollis Nicholas, the driver of the car in which Galford was riding when injured. In *Galford v. Nicholas, Adm.,* 224 Md. 275, we affirmed a summary judgment that the insurer was not liable to pay a judgment Galford might recover. Although Galford's declaration in that case alleged that if neither Nicholas' estate nor the insurance company paid any judgment Galford might recover, the Maryland Unsatisfied Claim and Judgment Fund Board would be

liable, the Board was not a party and we held it would not therefore be bound by the declaration. (The case was defended by counsel representing the insurance company only.)

The present effort to recover damages involves a determination by summary judgment, entered by the trial court before the issue of liability for damages had been tried, that Galford was a resident of New York and, as such, one who could recover from the Unsatisfied Claim and Judgment Fund as a "qualified person" under Code (1957), Art. 66½, Sec. 150 (g) (Recovery may be had by a resident of Maryland or "a resident of another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded to residents of this State, of substantially similar character to that provided for by this subtitle.").

The appeal before us was in fact taken on behalf of the Unsatisfied Claim and Judgment Fund Board, although it was entered by trial counsel for the named appellant (the administrator of Hollis Nicholas), who was selected by the insurance company to which the Board assigned the case to investigate and defend (under the provisions of Code (1957), Art. 66½, Sec. 155). It was briefed and argued by other counsel directly representing the Board.

The appellant makes three contentions: (a) the trial court lacked jurisdiction to decide Galford's motion for summary judgment; (b) assuming the court had jurisdiction, the issue of residence was not determinable by summary judgment; and (c) Galford was not a resident of New York. In the view we take of the case we need decide only the first point.

The Board argues that the trial court exceeded its jurisdiction in granting the summary judgment because, to quote its brief, "the essential elements of jurisdiction are that the court has cognizance of the class of cases to which the adjudication belongs, that the proper parties are present, and that the point to be decided is in substance and effect within the issue," and the residence of Galford was not an issue in the tort action.

It is clear that the court had statutory cognizance of cases in which payment by the Fund of a valid tort judgment is

sought by a qualified person. Code (1957), Art. 66½, Secs. 158-160; *Simpler v. State, Use of Boyd*, 223 Md. 456. In the declaration which Galford filed against Nicholas' administrator, he alleged in paragraph 9 that "he has given proper and timely legal notice of the accident and of the plaintiff's intent to file a claim against the Unsatisfied Claim and Judgment Fund Board of the State of Maryland as required by law set forth in Art. 66½, Section 154 of the 1957 Maryland Annotated Code." Section 154 (a) makes it a prerequisite to the filing of a claim for payment of a judgment that the applicant be a "qualified person" as defined in the statute. Whether Galford was a qualified person was presented as an issue in the case and, in fact, this issue was recognized by trial counsel for the appellee, who acquiesced in its determination in the mode and at the time it was made by the court.

The Board makes no point that it was not technically and formally a party. It argues on this aspect only that acquiescence of the parties cannot confer on a court jurisdiction otherwise lacking.

Code (1957), Art. 66½, Sec. 159, makes it a prerequisite to the passage of an order requiring the Fund to pay a judgment (up to the prescribed limits) that the court be satisfied recovery cannot otherwise be had. Galford, it would appear, convinced the court that his only recovery could be against the Fund and convinced the parties of record, the Fund and the court that the time and expense of a somewhat protracted trial would be avoided if Galford was not a qualified person and the Fund, therefore, not liable. Realizing the practicality of the prior determination of a basic essential of liability on the part of the Fund to pay a judgment, counsel for the defendant acquiesced in having the court make the determination prior to trial and (perhaps because Sec. 159 (a) of Art. 66½ provides that when an application for payment of a judgment by the Fund is made "the court shall proceed upon such application, in a summary manner") made no objection to determination by summary judgment.

In our view, in so doing he acted not only for the record defendant but for the Board. Code (1957), Art. 66½, Sec. 155 (b), provides that at any time after receipt of notice of

the institution of suit against an owner or operator of a motor vehicle as provided in Section 154, the Board may assign such actions as it believes desirable to defend to an insurer "for the purpose of conducting such defense." Section 156 provides that the insurer may "through counsel enter an appearance" for the defendant and appear and conduct the defense in the name of the defendant as well as "take recourse to any appropriate method of review * * *." All expenses of review or appeal "shall be borne by the fund * * *." Trial counsel below, in the case before us, was selected by an insurer to whom the Board had referred the case for defense.

Under our decisions in *Simpler v. State, Use of Boyd, supra,* and *Hart v. Commissioner of Motor Vehicles,* 226 Md. 584, 174 A. 2d 725, if the determination that Galford was a person qualified to have his judgment paid by the Fund (and was otherwise entitled) had been made after judgment, the Fund could not have appealed, since the court would have been acting in the exercise of a special and limited statutory jurisdiction. We think it was so acting when it found Galford to be a qualified person before judgment, and that the Fund, having gone along with the procedure followed, has no right of appeal greater than it would have had if the court had acted after judgment.

*Appeal dismissed, with costs.*