James S. Brown, J.
Motion by plaintiff for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation.
Plaintiff was injured on November 11,1961, by a motor vehicle. The owner was served with a .summons and complaint on December 6, 1961. No response having been received from the owner, two letters were sent to him concerning the accident on *282 February 6,1962 and March 22,1962. No answers were received. On March 22, 1962 plaintiff’s attorney requested the owner’s MV104 form from the Motor Vehicle Bureau which replied that it was attempting to obtain one from the owner. On April 19, 1962 plaintiff’s attorney wrote to the bureau requesting the name of the owner’s insurance company. On June 14, 1962 plaintiff’s attorney was advised by the bureau the name of the carrier. That same day a letter with a copy of the summons and complaint was sent to the carrier. On July 23, 1962 the carrier advised that the owner was not covered for the period stated since his policy expired on October 29, 1961. On July 31, 1962 a notice of claim was served on the MVAIO. On August 9, 1962 the MVAIO rejected the claim.
Plaintiff claims that she complied with section 608 (subd. [c], par. 3) of the Insurance Law since a notice of claim was filed with the MVAIO within 10 days after receipt of notice of denial of coverage and disclaimer. However, unfortunately for the plaintiff, subdivision (c) does not apply. Denial of coverage and disclaimer of liability within the contemplation of subdivision (c) presupposes the existence of a policy at the time of an accident, under the terms of which the carrier claims that the policy does not encompass the particular accident (Uline v. MVAIC, 28 Misc 2d 1002) or the company refuses to respond because of some action on the part of the insured.
'Since the situation herein involves the owner of a designated uninsured motor vehicle it comes within the purview of .subdivision (a) of section 608, which requires the filing of the prescribed affidavit within 90 days of the accrual of the cause of action. Since the affidavit herein was filed more than 90 days after the date of the accident, the court is without power to grant the relief requested (Matter of Johnson, 218 N. Y. S. 2d 289; Arculin v. MVAIC, N. Y. L. J., Aug. 1, 1962, p. 5, col. 7).
Motion denied.
In situations such as these when coverage seems doubtful and plaintiffs are qualified under subdivision (a) of section 608 attorneys would be well advised to file the required affidavit within the 90-day period.