Harold Tessler, J.
This is an application to file a late notice of claim with the respondent. The petitioner was allegedly injured in an automobile accident which occurred on February 9, 1963. The petitioner claims to be a “ qualified ’ ’ person as defined by the Motor Vehicle Accident Indemnification Corporation Law.
Shortly after the accident, the petitioner’s attorney was informed by the petitioner’s compensation carrier that the person allegedly responsible for the accident was insured by Nationwide Mutual Insurance Company. The attorney wrote a claim letter to that person, one Cluster Garrett, on March 21, 1963. He received no response and “in due course” wrote the Department of Motor Vehicles for the name of Garrett’s insurance carrier. The attorney does not state in his affidavit on what date he wrote to the department but the FS-25, a photocopy of which is attached to the moving papers, is stamped August 8, 1963. This form indicates that the department searched its files on September 10, 1963, and that according to those files, Nationwide Mutual Insurance Company was Garrett’s insurance carrier on the date of the accident.
*520 On September 13, 1963, the petitioner’s counsel wrote a claim letter to Nationwide Mutual Insurance Company which responded on October 10, 1963, with the information that its policy covering Garrett was cancelled on December 1, 1962. On November 22, 1963, petitioner attempted to file a notice of claim with the respondent. The latter has rejected the claim as untimely.
Section 608 of the Insurance Law governs the filing of a notice of intention to file a claim. Subdivision (a) applies to a claim arising out of a cause of action which lies against the owner or operator of a designated uninsured motor vehicle and provides that the claimant must file an affidavit within 90 days of the accrual of his cause or causes of action.
Subdivision (c) applies to claims for causes of action which lie against a person, the insurer or insurers of whom have disclaimed liability or denied coverage because of some act or omission of the person liable or alleged to be liable. This subdivision further provides that the claimant must file his affidavit within 10 days of the receipt of notice of such disclaimer or denial of coverage.
MVAIC contends that since Nationwide had cancelled its policy prior to the accident, Garrett was therefore uninsured at the time of the accident. Accordingly, it claims that subdivision (a) of section 608 is applicable and the affidavit required by that subdivision should have been filed within 90 days after the date of the accident.
The petitioner contends that since the Department of Motor Vehicles had informed him that there was insurance coverage for Garrett and since Nationwide has disclaimed or denied coverage, subdivision (c) is applicable. He further contends that the applicable period for filing an affidavit has not yet expired since Nationwide addressed its notice to his attorney and has not yet given him personal notice.
This does not appear to be a case where subdivision (c) is applicable. The policy was cancelled on December 1, 1962, more than two months prior to the accident. Accordingly, Garrett had no insurance and no insurer on the date of the accident. Subdivision (c) clearly applies to a situation where the person alleged to be liable was insured and had an insurer on the date of the accident, which insurer subsequently disclaimed liability or denied coverage because of some act or omission of its insured. The petitioner was required to file his notice of intention to make a claim no later than 90 days after February 9, 1963. Since he does not claim to be an infant or mentally or physically incapacitated, there is no *521 authority in the law for the court to grant him leave to file a late notice.
The result herein is harsh. It points out a gap in the Motor Vehicle Accident Indemnification Corporation Law which itself was designed to close the gaps in the Motor Vehicle Financial Security Act. (Insurance Law, § 600, subd. [2].) The correction of the law to provide for a case where the Department of Motor Vehicles provides incorrect information or where its records are incomplete or erroneous is, however, a legislative and not a judicial function. The application is denied.