Henry J. Latham, J.
This is an application pursuant to section 608 of the Insurance Law to permit petitioner to serve a notice of claim nunc pro tunc upon the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC).
The facts, as they appear from the moving affidavit, are these. The accident in question occurred on December 20, 1963. Petitioner retained her attorneys on February 7, 1964. In response to their letter of February 10, the driver of the automobile that struck the petitioner advised them, by telephone, that he was insured with the Home Insurance Company. A summons and complaint were served on March 5, 1964. Thereafter, the company requested and received a stipulation in which its time to appear and answer or to move with relation to the summons or the complaint was extended to April 20, 1964. The company never appeared, answered or moved, although petitioner’s attorneys wrote to it on April 27, May 8 and May 20, 1964. Finally, by letter dated June 30, 1964, or more than six months after the accident, the company wrote to petitioner’s attorneys advising them that it had, on May 1, 1964, sent a ‘' letter of disclaimer ” to their assured “ The reason being that the above stated policy was cancelled on December 12, 1963.” On July 2, 1964, one day after petitioner’s attorneys received the notice from the Home Insurance Company, they caused a notice of intention to make claim to be filed with MVAIC, which, on July 20, 1964, rejected the claim on the ground that there was not proper compliance with the Insurance Law. As late as August 5,1964, the records of the Department of Motor Vehicles listed the Home Insurance Company as the insurer under policy number 5362103.
The instant apj)lication was made on or about August 26,1964, or more than eight months after the accident.
Since the basis for the alleged “ disclaimer ” by the insurance company was that there was no policy in effect on the date of the accident, this application is controlled by subdivision (a) of section 608 of the Insurance Law (as amd. by L. 1963, ch. 943, eff. Sept. 1, 1963). (Matter of Broderick v. MVAIC, 31 Misc 2d 350; Matter of Brucker v. MVAIC, 41 Misc 2d 281.) (Petitioner, it may be noted, specifically refers to “ Section 608A ” *158 in her notice of motion.) Subdivision (a) of section 608 requires, as a condition precedent, that a claimant file with MVAIC, within 90 days of the accrual of a cause of action, an affidavit stating that he has a cause of action and the supporting facts, that such cause of action lies against the owner or operator of a designated uninsured motor vehicle, and that the claimant intends to make claim therefor. Section 608 further provides that where filing within the specified period is prevented because of infancy, mental or physical incapacity or death, MVAIC may accept a late filing or a court may grant leave so to file, but application to the court must be made within one year (formerly 120 days) from the date upon which the cause of action accrued.
As already noted, petitioner’s notice of intention to make claim was not filed with MVAIC within the 90-day period, nor did MVAIC accept the late filing. Petitioner’s failure to file within the 90-day period was not attributable to infancy, mental or physical incapacity or death. It was attributable, purely and simply and most understandably, to the fact that until petitioner’s attorneys received the insurance company’s letter of June 30,1964, all of the information in their hands indicated that the vehicle which had struck petitioner was insured. Unfortunately, noncompliance with the 90-day condition precedent “ is not excused by either difficulty in determining the existence of insurance coverage * * * or administrative delay in informing claimant of the fact of noninsurance ” (Matter of Rivera v. MVAIC, 21 A D 2d 775).
While that result seems, in cases such as the present, to subvert the declared legislative purpose to recompense innocent victims of motor vehicle accidents for personal injury or death caused by “ [3] motor vehicles registered in this state as to which at the time of the accident there was not in effect a policy of liability insurance” (Insurance Law, § 600, subd. [2]), the construction leading to that result seems to be compelled by the plain statutory mandate of subdivision (a) of section 608, which fixes the date of the accident as the event which starts the running of the 90-day period. (But, see, Matter of MVAIC [Walter], 28 Misc 2d 899, 900.) Subdivision (c), on the other hand, fixes the receipt of notice of disclaimer or denial of coverage as the event which starts the running of the 10-day period. The cases have consistently held that notice of disclaimer or denial of coverage under subdivision (c) of section 608 presupposes the existence of a policy at the time of an accident. (E.g., see Matter of Broderick v. MVAIC, supra; Matter of Brucker v. MVAIC, supra.) Support for the holdings in those cases is to be found not only in the very language of *159 section 608, bnt also in subdivision (2) of section 600 in which the Legislature expressly declared its purpose to protect innocent victims of accidents caused by “ [6] insured motor vehicles where the insurer disclaims liability or denies coverage ” (emphasis supplied).
There seems to be no remedy available under the Motor Vehicle Accident Indemnification Corporation Law for “ qualified” persons in the position of this petitioner. It has been suggested that such persons may have no alternative but to file a notice of intention to make claim upon MVAIC in every case, but it is difficult to see how, under circumstances such as those presented here, petitioner could have honestly made an affidavit stating, as expressly required by subdivision (a) of section 608, that the motor vehicle in question was —or was even believed to be — uninsured when all available information indicated that it was insured.
It is with extreme reluctance that the court denies this application, but, in the discharge of what it conceives to be its proper function, it believes it is constrained to do so. It is for the Legislature to provide the remedy for situations such as that here presented. The application is denied.