William R. Brennan, Jr., J.
This is a motion by the defendant Giant Supply Corporation for permission to serve an amended answer and by the attorneys Tropp & Steinbock, Esqs., to withdraw as attorneys for the defendant Kenneth Akines, sued herein as Kenneth Akinger. The motion is brought against the following factual background.
The action is brought to recover for personal injuries sustained by the infant plaintiffs and loss of services allegedly brought about as a result of a collision on August 7,1964 between a truck owned by the Giant Supply Corporation and an automobile owned and operated by the Wizz defendants, the infant plaintiffs having been passengers in the Wizz vehicle. As to the defendant Giant Supply Corporation, the complaint alleged that the truck was driven by the defendant Akines and owned, operated and controlled by the Giant Supply Corporation. The attorneys for the Security Mutual Insurance Company of New York, who have issued a policy of insurance to the defendant Giant Supply Corporation, having, in their preliminary investigation, ascertained that Giant was the owner of the motor vehicle and that Kenneth Akines operated the same with the permission, consent and knowledge of Giant, admitted that vital allegation in the complaint.
During the course of examinations before trial which extended from late January through March of 1965, it was testified by certain of the witnesses that Akines was not a licensed chauffeur, but was a helper in the truck, the regular driver of which was Mr. Norman Kogel. It was further testified that while Mr. Akines was in fact driving the truck at the time of the accident he had not been given permission by the regular driver to engage in that activity and was never authorized by the president of the corporation to drive the truck.
The defendant now seeks leave to amend the answer by denying operation and control of the vehicle and the attorneys for the defendant Giant who have also appeared as attorneys for the defendant Akines seek leave to withdraw as attorneys for Akines upon the ground that he is not an insured under the policy issu-ed by Security Mutual to his employer, since he was not operating with the consent of said employer.
The branch of the motion for leave to amend would ordinarily be granted as a matter of course unless plaintiffs could show *570 that they would be prejudiced in some way by the granting of such a motion. On the present state of this record it is impossible for this court to determine whether or not plaintiffs will be prejudiced by granting the motion for leave to amend. If plaintiffs were “ qualified persons ” as that term is used in the sections of the Insurance Law governing the Motor Vehicle Accident Indemnification Corporation, their time to file an appropriate notice of claim with MVAIC would have expired. (Insurance Law, § 608, subd. [a]; Grys v. MVAIC, 14 A D 2d 821; Matter of Brucker v. MVAIC, 41 Misc 2d 281.) In such an event plaintiffs would clearly be prejudiced by the amendment to the answer since 'the admission of operation and control in the answer would have caused them to sleep on their rights against MVAIC.
Defendants dispute this contention by pointing out that under subdivision (c) of section 608 of the Insurance Law plaintiffs may file their affidavit of intention to make a claim within 10 days after the insurer has disclaimed liability or denied coverage because of some act or omission of the person or persons liable or alleged to be liable. The difficulty with defendants’ contention in this regard is simply that the insurance carrier has not disclaimed coverage under the policy of insurance but merely seeks to deny operation and control in behalf of its assured. In such an event plaintiffs if qualified persons would be without remedy. (Matter of Mallory v. MVAIC, 23 A D 2d 101.)
It would appear from the papers (although there is no documentary proof), however, that the car in which plaintiffs were passengers at the time of the collision was insured and if that be so, then, of course, they are not “ qualified persons ” but “insureds”. (Matter of MVAIC v. Stein, 35 Misc 2d 1007.) In such a status, their rights are not governed by section 608 of the Insurance Law, but, rather, by the standard accident indemnification endorsement contained in the insurance policy of the owner of the vehicle in which they were passengers, and under the endorsement they are not limited to 90 days but “ within 90 days or as soon as practicable ”. It has been held that the question of timeliness of such a notice under the standards set forth in the endorsement is a factual question which must be determined by a preliminary hearing before a court prior to an arbitration (Matter of MVAIC v. Brown, 15 A D 2d 578).
No notice has yet been filed with the MVAIC in this case and it is impossible to prophesy the result of such a preliminary hearing on the question of the timeliness of such a notice as may hereafter be filed by the plaintiffs. This being so, the court *571 is presently unable to determine whether or not plaintiffs will be prejudiced by the granting of this motion. It may also be observed that even if the evidence were such as to warrant this court to hold that a subsequent notice would be timely, such a determination could in no event bind the MYAIC which is not a party to this proceeding.
Accordingly, that branch of the motion which seeks leave to amend the answer by denying operation and control is denied without prejudice to a renewal after a determination of the question of timeliness of such a notice as plaintiffs are advised to file with MYAIC, within 10 days after a copy of the order to be entered hereon, has been made. In order to obtain a speedy determination of that preliminary question, plaintiffs’ attention is respectfully called to CPLR 7503 (subd. [e]). If plaintiffs choose not to file their notice of intention to arbitrate within the 10-day period above referred to, defendant may renew its motion.
That branch of the motion whereby Tropp & Steinbock, Esqs., seek leave to withdraw as attorneys for the defendant Akines is also denied without prejudice to a renewal upon proper papers.
There is obviously a conflict of interest between the infant defendant Akines and the defendant Giant Supply Corporation and certainly the attorneys will not be required to represent these conflicting interests. However, under CPLR 1201 an infant must appear by either a guardian ad litem or a parent or other persons set forth in the statute, and the papers do not show any such appearance. The service of these motion papers upon the infant defendant in person is insufficient. His interests must be properly protected.
It might also be observed that a sharp question of fact exists concerning whether or not the infant defendant Akines was operating the truck with the permission or consent, express or implied, of Giant Supply Corporation. If it be ultimately determined after trial that said defendant was operating with permission, then, of course, he would be an assured under the Security Mutual Insurance policy and therefore entitled to a defense. Accordingly, any order relieving Tropp & Steinbock, Esqs., from appearing as counsel for the infant defendant Akines shall be without prejudice to any rights which Akines may ultimately claim for counsel fees in the defense of this litigation.
Settle order on notice.