■ CHARLENE WASHINGTON, an Infant, by FRANK WASHINGTON, Her Guardian ad Litem, et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNI-FICATION CORPORATION, Appellant.— In a proceeding to compel the Motor Vehicle Accident Indemnification Corporation (hereafter called " MVAIC ") to accept a notice of claim (Insurance Law, § 608), MVAIC appeals from an order of the Supreme Court, Kings County, entered July 10, 1964, which granted the application. Order reversed on the law, without costs, and application denied. No questions of fact have been considered. This court previously

(1) remitted this proceeding to the Special Term for the purpose of (a) holding a hearing and taking proof on the issues of insurance coverage and disclaimer, if any, by the insurer, and (b) making a decision on such issues, with findings, and (2) ruled that determination of this appeal will be held in abeyance pending such hearing and decision by the Special Term, etc. (see 23 A D 2d 790). Special Term has rendered its decision, dated October 7, 1965, the transcript of the hearing has been filed and appellant, pursuant to this court's permission, has submitted a supplemental brief. By its decision, Special Term concluded that Thomas Dowdy, Jr., the owner and operator of the motor vehicle which allegedly struck the infant applicant on January 19, 1963 was in fact then insured, i.e., was insured from November 6, 1962 to October 4, 1963, but that, as of November 27, 1962, the insurer "cancelled" the policy on its office records, by reason of nonpayment of premiums. Special Term also found as a fact, however, that MVAIC failed to prove that the insurer's "Unconditional Notice of Cancellation" had been mailed to the insured and that notice thereof had been filed with the Motor Vehicle Commissioner as required by statute (Vehicle and Traffic Law, § 313). Special Term concluded, therefore, that (1) the attempted termination of the policy was ineffective, (2) Dowdy was insured at the time of the accident and (3) "the letter sent by the insurance company dated September 30, 1963 was in fact a notice of disclaimer denying liability under its policy." We agree with this conclusion. In our opinion, the case at bar is not within the purview of subdivision (c) of section 608 of the Insurance Law, which applies to insured vehicles, because here the denial of coverage or disclaimer was predicated on a claim of prior cancellation of the insurance policy, which was not substantiated, and not on any other ground deemed to be within the contemplation of the statute (*Matter of Brucker* v. *MVAIC,* 41 Misc 2d 281; *Matter of Cappiello* v. *MVAIC,* 44 Misc 2d 156; *Arculin* v. *MVAIC,* N. Y. L. J., Aug. 1, 1962, p. 5, col. 7). However, if it should subsequently develop, in such proceedings as the parties affected hereby may be advised to institute, that such factual finding and conclusion of insurance coverage was not justified, the instant applicants would not be precluded from then making an application under the statute (Insurance Law, § 608, subd. [c]) to compel the acceptance of the timely-filed claim. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.