Keating, J.
On May 30,1961 the petitioner, J oseph J ones, was injured when he was struck by an automobile owned by one Clifton Weathesgy. Shortly after the accident petitioner’s counsel learned from Weathesgy that he was covered by a liability insurance policy issued by the Aetna Insurance Company. And in August, 1961, some three months after the accident, a summons and complaint was served on Weathesgy.
On October 27, 1961, about 150 days after the accident, an FS 25 form was forwarded to the Department of Motor Vehicles in Albany. This form is sent to the department in order to determine whether or not the driver of an automobile which had been involved in an accident was insured on the date of the accident. The Department of Motor Vehicles notified the petitioner that Weathesgy was insured by the Aetna Insurance Company. A similar form was filed and a similar answer was received in March, 1962.
After no answer had been received from Weathesgy, petitioner in January, 1962 contacted the Aetna Insurance Company and the insurer responded by requesting that petitioner submit ■to a physical examination. In addition, petitioner’s counsel was informed that an appraiser had been appointed to handle the matter by the insurer.
On February 14, 1962 petitioner’s counsel received a copy of a registered letter sent by the insurer notifying Weathesgy that the policy of insurance had been cancelled on April 11,1961, over a month prior to the accident, and that he was not covered by insurance on the date of the accident.
*135 "Within four days of the receipt of this information petitioner’s counsel filed a notice of claim with the Motor Vehicle Accident Indemnification Corporation. The claim was rejected by the corporation on the ground that petitioner failed to comply with the statutory requirement applicable to the time in which such claims must be made.
This action was then commenced to compel the corporation to accept the filing of the notice of claim. The Supreme Court at Special Term held that the notice of claim was filed within 10 days after the receipt of notice of denial of coverage as required by subdivision (c) of section 608 of the Insurance Law. The corporation was ordered to accept the notice of claim.
The Appellate Division (Second Department) unanimously affirmed. The respondent appeals to this court by permission of the Appellate Division on a certified question as to the correctness of its order of affirmance.
On this appeal the corporation argues that subdivision (c) of section 608 of the Insurance Law is inapplicable. It contends that that subdivision applies only where the insurance carrier disclaims liability or denies coverage because of some act or omission of the person liable and not where, as here, the carrier actually cancelled the policy prior to the accident. Under these circumstances it argues that subdivision (a) of section 608 is applicable. That subdivision provides that protection by the corporation shall be available to 1 ‘ Any qualified person having a cause * * * of action # * arising out of a motor vehicle accident occurring within this state, who shall file with the corporation within ninety days of the accrual of such cause or causes of action, as a condition precedent to the right thereafter to apply for payment from the corporation, an affidavit stating that (1) he has a cause * * * of action arising out of such accident * * * (2) such cause * * * of action lie[s] against the owner or operator of a designated uninsured motor vehicle ”. (Emphasis added.)
On the oral argument of this appeal petitioner’s counsel conceded that the above-quoted subdivision is applicable and, by implication at least, that the reasoning of Special Term was erroneous. It is his contention that it was impossible for his client to have complied with the provisions of subdivision (a) of *136 section 608 since he did not learn nor could he have learned that Weathesgy was uninsured until long after the 90-day period.[1]
The argument advanced by the petitioner is a very appealing one. The rejection of a claim made by a person injured by an uninsured motor vehicle clearly runs counter to the general policy pervading the statute creating the Motor Vehicle Accident Indemnification Corporation. The Legislature, in creating the corporation, however, prescribed clearly the procedure to be followed in making a claim. With this procedure the petitioner has admittedly failed to comply. While compliance was difficult, if not impossible, courts are powerless to engraft judicial exceptions to periods of limitation prescribed by the Legislature.
In view of the number of cases which appear to have involved problems similar to that in the case at bar [2], the Legislature may very well consider an amendment to the statute which would permit a claim to be filed in a case of this kind. Until that is done, courts must apply the statute as it is written.
The order of the Appellate Division should be reversed, without costs, and the question certified not answered.

. Though inquiry was made to the Department of Motor Vehicles as well as to the insurer after 90 days had elapsed, there is no reason to believe that, had the inquiries been made earlier, the answer would have been any different.

. See Matter of Rosante v. MVAIC (15 A D 2d 825 [2d Dept., 1962]); Matter of Johnson v. MV AIC (218 N. Y. S. 2d 289 [Sup. Ct., 1961]); Matter of Brucker v. MV AIC (41 Misc 2d 281 [Sup. Ct., 1963]); Matter of Roeder v. MV AIC (42 Misc 2d 519 [Sup. Ct., 1964]); Matter of Cappiello v. MV AIC (44 Misc 2d 156 [Sup. Ct., 1964]); Matter of Jefferson v. MV AIC (34 Misc 2d 48 [Sup. Ct., 1962]).