CARL M. MOORE, AN INFANT, BY CARL W. MOORE, HIS FATHER, AS GUARDIAN *AD LITEM*, AND MARGARET MOORE AND CARL W. MOORE, PLAINTIFFS-RESPONDENTS, v. FRANK TRUESDALE AND THOMAS TRUESDALE, DEFENDANTS.

UNSATISFIED CLAIM AND JUDGMENT FUND BOARD OF THE STATE OF NEW JERSEY, APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 16, 1957—Decided January 3, 1958.

258

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. Daniel Gilady* argued the cause for appellant (*Mr. James I. Toscano,* attorney).

*Mr. J. George Moss* argued the cause for respondents.

The opinion of the court was delivered by

JAYNE, J. A. D. The Unsatisfied Claim and Judgment Fund Board legislatively created by *N. J. S. A.* 39:6–64 requests us by the present appeal to review the legal and factual validity of an order made by the Law Division of this court on April 3, 1957 in a summary proceeding. The order directed the payment from the fund of an alleged uncollectible default judgment recovered by the infant plaintiff, Carl M. Moore, against the defendants, Frank Truesdale and Thomas Truesdale, on September 14, 1956, awarding the infant compensatory damages in the sum of $2,400 for his bodily injuries sustained in a motor vehicle mishap which occurred in this State on November 23, 1955.

Concisely stated, the Board's insistence is that neither the infant plaintiff nor any representative on his behalf complied with the mandatory requirements of the statute in that:

(a) There was a failure to give to the Fund Board *timely notice* of an intention to make a claim upon the Fund for the damages awarded to the infant plaintiff, if otherwise uncollectible;

(b) No notice was given to the Fund Board of the plaintiff's intention to enter the default judgment against the defendants and file a claim upon the Fund;

(c) Inadequate efforts were exerted on behalf of the plaintiff to collect the judgment, or part thereof, from one or both of the defendants.

Other information of present relevancy may be likewise summarized. The infant plaintiff whose claim is in dispute was a passenger in the automobile owned by his father and operated by his mother which came into collision with the vehicle owned by Frank and driven by Thomas Truesdale. At the time of the accident the plaintiff, Carl M. Moore, was an infant of 14 years of age whose cause of action against the defendants was prosecuted for him by his father in the representative capacity of guardian *ad litem*.

Incidentally, it may be appropriately explained that judgments were also recovered against the defendants by the plaintiff's parents, but they make no claim upon the Fund.

With this background of general information, the grounds of appeal should be discussed more specifically. As a basic premise in the consideration of the appellant's first point, the pertinent portion of *N. J. S. A.* 39:6-65 is quoted:

"Any qualified person, or the personal representative of such person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, and whose damages may be satisfied in whole or in part from the fund, shall, within 30 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board, on a form prescribed by it, of his intention to make a claim thereon for such damages if otherwise uncollectible and otherwise comply with the provisions of this section; provided, any such qualified person may, in lieu of giving said notice within said time, make proof to the court on the hearing of the application for the payment of a judgment that he was physically incapable of giving said notice within said period and that he gave said notice within 30 days after he became physically capable to do so or in the event that he did not become so capable, that a notice was given on his behalf within a reasonable period."

Inapplicable here is the recent amendment enlarging the time limitation. *L.* 1956, *c.* 200, *p.* 737.

The delinquency initially emphasized by the Board is that no notice was given to it, on the prescribed form or, indeed, otherwise, within 30 days after the accident, of the intention of the infant to apply for the payment of his awarded damages from the Fund. The appellant points to the legislative declaration that this stated requirement constitutes "a condition precedent to the right thereafter to apply" for an allowance from the Fund.

It is equally conspicuous that the dereliction is made excusable where there is proof that the otherwise qualified person was physically incapable of supplying the prescribed informational notice within the requisite period of 30 days and that a notice was given to the Board on his behalf within a reasonable period.

In relation to this branch of the appeal, the infancy of the plaintiff, the appointment of his father as his guardian *ad litem* in the month of April 1956, and the receipt by the Board of the infant's notice of intention on April 13, 1956 are acknowledged facts. It is also conceded that the Board received a communication from the plaintiff's attorney, dated April 20, 1956, informing it of the institution on April 19, 1956 of the infant's action at law against the Truesdales, enclosing a copy of the complaint.

Factually, therefore, we have in this instance a proceeding in which no notice whatever was dispatched to the Board within the period of 30 days after the occurrence of the accident on November 23, 1955, but one in which the guardian *ad litem* of the infant was appointed in April 1956, whose attorney diligently within the stated time after the guardian's designation conveyed the notice with the specified particulars to the Board.

The trial judge resolved that there was a compliance with the statutory requirement of notice. We are not confidently persuaded that his determination was erroneous. Noticeably, the pertinent section of the statute does not with particularity or singularity speak of the requirements of those in the class of infants. We confess some incertitude concerning the legislatively intended circumference of the class denominated as "physically incapable."

Frankly, we are influenced by the observation of Mr. Justice Heher, who in his deliverance of the opinion of the Supreme Court in *Giles v. Gassert,* 23 *N. J.* 22, on *page* 34 (1956), stated with some positiveness:

"* * * certainly the dependent minor children could not be barred of their right to invoke the benefit of the Fund by a failure of notice."

Advancing to the consideration of the next asserted ground of appeal, again it is advantageous to start with the quotation of the pertinent statutory excerpt taken from *N. J. S. A.* 39:6–74:

"No claim shall be allowed and ordered to be paid out of the fund if the court shall find, upon the hearing for the allowance of the claim, that it is founded upon a judgment which was entered by default unless * * * (2) prior to the entry of such judgment the board shall have been given notice of intention to enter the judgment and file a claim thereon against the fund * * *."

This statutory exaction is likewise represented by the appellant to be an auxiliary requirement for the reasonable protection of the Fund, notably against excessive awards of damages in undefended cases.

Relating to this wing of the actualities, the fact is that the plaintiff and his representatives omitted to notify the Board of the intention to enter the default judgment against the named defendants. We are informed in further explanation that to eradicate any consequential prejudice suffered by the Board from this nonobservance of the statute, the attorney for the plaintiff offered to reopen the default judgment and that the Board declined the offer, retaining its conviction that the plaintiff was unqualified and ineligible for beneficial aid from the Fund by reason of his initial failure to forewarn the Board of his intended application. In such circumstances, we do not ascribe distinct vitality to the dereliction in this particular.

Our considerations now reach the appellant's final objection to the order under review. It implicates yet another alleged disregard of essential statutory preliminaries specified in N. J. S. A. 39:6–70. At the summary hearing the applicant is obliged to prove that:

"(h) He has caused to be issued a writ of execution upon said judgment and the sheriff or officer executing the same has made a return showing that no personal or real property of the judgment debtor, liable to be levied upon in satisfaction of the judgment, could be found or that the amount realized on the sale of them or of such of them as were found, under said execution, was insufficient to satisfy the judgment, stating the amount so realized and the balance remaining due on the judgment after application thereon of the amount realized,

(i) He has caused the judgment debtor to make discovery under oath, pursuant to law, concerning his personal property and as to whether such judgment debtor was at the time of the accident insured

under any policy or policies of insurance described in subparagraph (f) of this section.

(j) He has made all reasonable searches and inquiries to ascertain whether the judgment debtor is possessed of personal or real property or other assets, liable to be sold or applied in satisfaction of the judgment."

Here again our attention falls upon the facts, principally because of the following statutory qualification:

"Whenever the applicant satisfies the court that it is not possible to comply with one or more of the requirements enumerated in subparagraphs (h) and (i) of this section and that the applicant has taken all reasonable steps to collect the amount of the judgment or the unsatisfied part thereof and has been unable to collect the same, the court may dispense with the necessity for complying with such requirements."

 The trial judge decided that although the representatives of the infant plaintiff had not pursued the specific endeavors dictated by subparagraphs (h) and (i) of the statute, nevertheless the applicant exerted all reasonable efforts to collect the judgment from the defendants. His finding in this particular, we conclude, is not adequately supported by the evidence.

The testimony merely disclosed that the father of the plaintiff solicited, before the institution of the action, indeed on December 19, 1955, from some undisclosed source, information which he characterized as a credit report indicating that the resident defendant, Thomas Truesdale, was unemployed and destitute of assets, and that on October 12, 26 and November 4 and 8, 1956, he visited the residence of this defendant, whose mother told him that her son was not at home and declined to impart to him any information concerning her son's income or resources. No efficient endeavor was made to ascertain the financial responsibility of the defendant Frank Truesdale, a resident of the State of New York.

In our disposition of the present appeal, we are not insensible to the realization that we are here concerned in administering justice to an infant applicant whose claim

does not appear to be in any aspect fraudulent or fictitious. The momentary supposition that his compensatory judgment is in fact uncollectible is not improbable.

In effect, we are requested by this appeal to visit upon this boy a complete forfeiture of any aid from the Fund solely by reason of the alleged failures of some representative to comply in his behalf with statutory requirements which are more administratively protective than basically substantial.

It is not our intention, however, to weaken the essentiality of compliance with the statutory obligations of applicants who seek the beneficial aid of the Fund. See, *Schlenger v. Conti*, 47 *N. J. Super.* 566 (*App. Div.* 1957). Our review of the present proceedings guides us to the conclusion that the evidence failed to disclose that reasonably efficient efforts were exerted on behalf of the applicant to bag the damages or some portion thereof from the debtors. *N. J. S. A.* 39:6–70(*h*), (*i*), (*j*).

Our conclusion, confined to the last-mentioned default, obliges us to nullify the existing order for payment, but in doing so, we remand the proceedings to the trial court for a rehearing at which proof of supplemental endeavors to comply with the designated subdivisions of the section of the statute may be introduced.

Reversed and remanded for rehearing in conformity with this opinion.