52 N.J. Super. 215 (1958)
145 A.2d 154
BEVERLY TREVORROW, BY HER GUARDIAN AD LITEM, PHILIP R. TREVORROW, AND PHILIP R. TREVORROW, INDIVIDUALLY, PLAINTIFFS,
v.
RALPH RICHARD BOYER, DEFENDANT.
UNSATISFIED CLAIM AND JUDGMENT BOARD OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 29, 1958.
*217 Mr. Paul Colvin, for plaintiffs.
Messrs. Shuback & Orr, Morristown, for defendant.
MILLS, J.C.C. (temporarily assigned).
The plaintiff, Beverly Trevorrow, alleged that on April 5, 1957 she was lawfully upon Blackwell Street, Dover, New Jersey, as a pedestrian, when the defendant Boyer, negligently operating his motor vehicle, struck her causing injury. At that time she was an infant over the age of 14 years and a senior in high school.
On July 8, 1957 her father, Philip R. Trevorrow, filed a complaint as her guardian ad litem, and as an individual against the defendant Boyer, seeking damages for the infant plaintiff and himself for resulting consequential damages.
Thereafter, chronologically, the following events material to this injury are as follows:

*218
August 8, 1957 Copy of complaint and letter filed with
 Unsatisfied Claim and Judgment Fund
 Board (hereafter called the "Board").
September 19, 1957 Formal notice of claim filed with the
 Board.
September 26, 1957 Formal notice of claim received by the
 Board.
December 23, 1957 Guardian ad litem appointed by the
 court.
December 26, 1957 Judgment entered for $400 in favor
 of the father individually and for
 $3,675 in favor of the infant against
 the defendant Boyer.

On July 24, 1958 notice of motion was served upon the Board by registered mail pursuant to N.J.S.A. 39:6-69 seeking an order directing the payment of the judgments from the Board. Attached to the notice of motion was an affidavit alleging compliance with N.J.S.A. 39:6-70. The matter was heard summarily on August 5, 1958.
The Board received the application and disputed the contention of the plaintiffs that the notice required to be filed by N.J.S.A. 39:6-65 had been timely filed. Plaintiffs thereupon presented testimony of the infant and her father contending that the infant (a) was "physically incapable" as the result of the accident of filing the notice and had filed on her behalf the notice within 90 days after the recovery of her physical incapability, and (b) she could not be barred because of her infancy. The father contended that he had given notice to the fund on the day of the accident and that the father's judgment was for the injury to the child.

I.
The father's contention is without merit, both factually and as a matter of law.
The father's right of action is not for the injury to the infant plaintiff, but for the injury to the parent as a consequence of the injury to the child. Sommers v. Hartford *219 Accident & Indemnity Co., 277 S.W.2d 645 (Mo. Ct. App. 1955); Netherland-American Steam Nav. Co. v. Hollander, 59 F. 417, 8 C.C.A. 169 (2 Cir. 1894); Zarba v. Lane, 322 Mass. 132, 76 N.E.2d 318 (Sup. Jud. Ct. 1947); Hall v. Royce, 109 Vt. 99, 192 A. 193 (Sup. Ct. Err. 1937).
The nature and basis of the right was recognized in Maccia v. Tynes, 39 N.J. Super. 1 (App. Div. 1956), where the court held the right of the parent to the services of an infant injured in an accident and to reimbursement for expenses is not derivative, but independent and separate from the child. Kimpel v. Moon, 113 N.J.L. 220 (Sup. Ct. 1934). Therefore, the expenses of medical care for and loss of services of the infant child were damages of the parent.
The applicant for an order directing the Treasurer of the State of New Jersey to pay the judgment against an uninsured defendant is required to show among other things (N.J.S.A. 39:6-70):
"(e) He has complied with all of the requirements of section five."
"Section five" refers to section 5 of chapter 174 of the Laws of 1952. Section 5 has been classified as N.J.S.A. 39:6-65.
N.J.S.A. 39:6-65, as amended by L. 1956, c. 200, requires the giving of a notice and intention to file claim 90 days after the accident on forms prescribed by the Board. Its pertinent part as relates to the matters in controversy reads as follows:
"Any qualified person * * * who suffers damages * * * shall, within 90 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board on a form prescribed by it, of his intention to make a claim thereon for such damages, * * * provided, any such qualified person may, in lieu of giving said notice within said time, make proof to the court on the hearing of application for the payment of a judgment that he was physically incapable of giving said notice within said period and that he gave said notice within 90 days after he became physically capable to do so. * * *"
*220 The testimony of the father at the hearing was that he went to the police station on the day of the accident (April 5, 1957) and he made out "a statement and sent it to the state about the accident." He recalls that it was sent to Trenton. The Board acknowledges that it received the required notice September 26, 1957, and that it was dated September 19, 1957.
From the greater weight of the testimony, the court finds that the father did not file the notice with the Board on the prescribed form within the 90-day period and therefore his application for an order directing the Treasurer to pay his judgment in the sum of $400 is without merit.

II.
Did the infant plaintiff establish at the hearing that she filed the notice required within the prescribed time?
The claim on her behalf is that her doctor would not "let me work right away" after graduating from high school and that she did have to wait until the end of August 1957 before she started work, which was the time that the 90 days started to run after her physical incapability, and that the filing on her behalf on September 26, 1957 was therefore within the 90-day period.
The only testimony or proof offered on her behalf was from the infant herself. She testified that she returned to school May 3, 1957, that she was not required to do any work, and graduated with her class in June of that year. She was shown a notice on the required form and asked if she was able to answer the questions when she left the hospital in May 1957, and replied that she would be able to answer the questions except what the doctor said was wrong with her. No medical testimony or other testimony was presented on her behalf concerning her physical incapability.
The court finds that she was physically capable to file the notice in May 1957, and that the filing on her behalf on September 26, 1957 was not within the required 90-day period.
*221 Neither is the court constrained to the construction of the statute that "physically incapable" means an infant so as to excuse non-compliance. "Incapable" means unable, unfit or not adapted for, and "physically" qualifies "incapable" as relating to or pertaining to the body, as distinguished from the mind or soul or emotions. See Black Law Dictionary (4th ed. 1951).

III.
Does the required notice bar an infant who did not file within the 90-day period?
The infant's argument is that the law recognizes the inherent legal disability of an infant, citing Giles v. Gassert, 23 N.J. 22 (1956), and Moore v. Truesdale, 48 N.J. Super. 257 (App. Div. 1958).
The Board contends that the statement in the Giles case by Mr. Justice Heher, viz.: "Certainly, the dependent minor children could not be barred of their right to invoke the benefit of the Fund by a failure of notice," is obiter dictum and unsupported by citations; that the Moore case was merely a holding that the Appellate Court was not persuaded that the trial court's determination as a trier of fact was against the weight of evidence, and that since the statute did not contain an expressed exemption for infants the court could not impose one, citing Gillette v. Delaware L. & W.R. Co., 91 N.J.L. 220 (E. & A. 1917); Uscienski v. National Sugar, etc., Co., 19 N.J. Misc. 240 (Com. Pl. 1941); and Young v. Sterling Leather Works, 91 N.J.L. 289 (E. & A. 1917).
The facts in Giles v. Gassert, supra, were that the plaintiff's decedent was killed May 27, 1955 by an automobile in the "hit and run" category. He was survived by his wife and four minor children. Notice was filed with the Board in the form prescribed by it on September 16, 1955. The wife was appointed administratrix ad prosequendum on April 16, 1956. Mr. Justice Heher, speaking for the court, said at page 34 of 23 N.J.:
*222 "The nonappointment of a personal representative by due form of law within the allotted statutory time for notice could not defeat the action. The widow here was plainly a `qualified' person to give the notice; certainly, the dependent minor children could not be barred of their right to invoke the benefit of the Fund by a failure of notice."
In Moore v. Truesdale, supra, the accident happened November 23, 1955; the guardian ad litem was appointed in the month of April 1956; notice was filed within the statutory time of filing the suit but not within the 30 days (now 90) after the occurrence of the accident. The infant plaintiff was 14 years of age at the time of the accident. The court said:
"Frankly, we are influenced by the observation of Mr. Justice Heher, who in his deliverance of the opinion of the Supreme Court in Giles v. Gassert, 23 N.J. 22, on page 34 (1956), stated with some positiveness `* * * certainly the dependent minor children could not be barred of their right to invoke the benefit of the Fund by a failure of notice.'"
The Unsatisfied Claim and Judgment Fund Law does not create a cause of action for the plaintiffs. The cause of action is created by N.J.S. 2A:14-2 for an injury caused by the wrongful act, neglect or default of the defendant. N.J.S. 2A:14-21 gives the infant plaintiff time in which to commence such action until after "his coming to or being of full age." The guardian ad litem may bring a suit for the infant during his infancy.
The court therefore finds that since the notice on the prescribed form was filed within 90 days of the filing of the suit, it was within the statute.
Plaintiffs' attorney will therefore submit an order directing the Treasurer to pay from the Fund the amount of the infant's judgment in accordance with the statute.