## MacBRIDE, ETC. *v.* GULBRO, ADM'X OF THE ESTATE OF LEILA LEE DOTSON

[No. 599, September Term, 1966.]

728

*Decided November 7, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, BARNES and FINAN, JJ.

*Martin E. Gerel* for appellant.

*Phillips L. Goldsborough, III,* with whom were *Theodore B. Cornblatt* and *Smith, Somerville & Case* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This action was brought to recover damages for injuries allegedly inflicted on John Emory MacBride, the appellant here, when the vehicle in which he was a passenger collided with a vehicle driven by Leila Lee Dotson on December 13, 1964. Mrs. Dotson, who was killed outright in the accident, died intestate, and Anna E. Gulbro, the appellee here and mother of Mrs. Dotson, qualified as administratrix and letters of administration were granted to her on May 28, 1965. On December 30, 1965, suit was instituted on behalf of MacBride, a minor, by his next friend and attorney, Martin E. Gerel. At this time MacBride was in the sole custody of his mother, Alberta J. Milburn, who consented to the bringing of the suit. The declaration alleged that more than six months had elapsed since the appointment of the administratrix without suit being filed by the minor's mother and that suit was being filed by the mi-

nor's next friend on his behalf. It also alleged that Mrs. Dotson was negligent in the operation of the vehicle she was driving, that MacBride was free from contributory negligence and that he had suffered serious and permanent injuries. Mrs. Gulbro answered pleading the general issue and that the suit was not brought within six months of her qualification as administratrix. On August 22, 1966, Mrs. Gulbro filed a motion for summary judgment pursuant to Maryland Rule 610, alleging that there was no dispute as to any material fact and that the defendant was entitled to judgment as a matter of law. Argument on the motion was heard by Judge Dyer on November 1, 1966, and he granted the motion on that date. From the granting of the motion and the judgment entered pursuant thereto, the appellant has appealed.

The appellant relies on Code (1957), Article 57, Section 2, which gives persons under disability the right to claim the full period of limitations provided in Article 57, Section 1, after their disability has been removed, and the case of *Funk v. Wingert,* 134 Md. 523, 107 Atl. 345, holding that the disability is not removed simply because a minor or non compos mentis is able to sue by a next friend or committee. In the *Funk* case, *supra,* this Court construed Code (1912), Article 57, Section 2, which is almost identical to our present Article 57, Section 2, and decided that the appointment of a committee for a lunatic did not remove his disability and start the period of limitations to run. Conceding that this is the rule, it does not help the appellant's case. Here there is no question of removal of a disability to allow the three year period of limitations on a tort action to run. This case involves a statutory cause of action which provides for its own special period of limitations.

At common law no action could be brought against an executor or administrator of a deceased tort-feasor and the cause of action died with the decedent. In the case at hand the right of action was created by a statute codified as Code (1957), Article 93, Section 112, which embodies a period of limitations. This statute creates a cause of action which did not exist at common law, and being in derogation of the common law is to be strictly construed. *Roberts v. Warden,* 242 Md. 459, 219 A. 2d 254; *Gleaton v. State,* 235 Md. 271, 201 A. 2d 353; *M. &*

C. C. v. Balto. Gas Co., 232 Md. 123, 192 A. 2d 87; *Tsoy v. McFarland*, 219 F. Supp. 220. In *Burket v. Aldridge, Adm'r,* 241 Md. 423, 426, 216 A. 2d 910, Judge Oppenheimer, for this Court, said after quoting the pertinent provisions of Article 93, Section 112: "The language of Section 112 is unambiguous," and after going on to say that suit must be brought against the personal representative of the tort-feasor within six months of his qualification, quoted from *Bertonazzi v. Hillman,* 241 Md. 361, 216 A. 2d 723, as follows:

> "The six-month statute of limitations in suits against executors or administrators has the added purpose of requiring claimants seeking damages resulting from the negligence of a decedent to make claim by suit within six months so that the personal representative of the decedent can make the prompt settlement of the estate contemplated by the law without liability for claims not filed within the time and in the manner prescribed."

If it were not for the application of the limitation of Section 112, estates would necessarily be held open for the full three year period provided in Article 57, Section 1, to the detriment of everyone concerned. In deciding the case of *Dunnigan v. Cobourn,* 171 Md. 23, 27, 187 Atl. 881, this Court had occasion to consider Code (1924), Article 67, Section 1, as amended by Chapter 570 of the Acts of 1929, Section 3, in connection with a suit for wrongful death. This section had a time limitation almost identical to Section 112 and in finding that the limitation must be strictly complied with we said, after citing *State v. Parks,* 148 Md. 477, 129 Atl. 793, "* * * and it has already been observed, by reference to the *Parks* case, *supra,* that such a proviso as to the time of bringing the suit was regarded in Maryland as a condition precedent."

It is noted that Section 112 does not make any provision for extending the six months period in the case of persons under disability. In the absence of such provision in the statute extending the limitations period this Court has ruled that no such extension exists, *Pendergast v. Young,* 188 Md. 411, 418,

53 A. 2d 11, where Chief Judge Marbury for this Court quoted the Supreme Court of the United States as follows:

" 'The exemptions from the operation of statutes of limitation, usually accorded to infants and married women, do not rest upon any general doctrine of the law that they cannot be subjected to their action, but in every instance upon express language in those statutes giving them time after majority, or after cessation of coverture, to assert their rights.' *Vance v. Vance*, 108 U. S. 514, 2 S. Ct. 854, 859, 27 L. Ed. 808."

In attempting to support their contention that the period of limitations does not apply in this instance the appellant relies on two cases. We think that neither of these cases is applicable to the case at hand. The first of these, *Chandlee v. Schockley*, 219 Md. 493, 150 A. 2d 438, involves waiver and estoppel where the agents of the administratrix induced the plaintiff not to file suit by assuring him that the claim would be settled. The Court held that a demurrer based on the six months limitation must be overruled where the declaration set forth facts which, if proved, showed waiver and estoppel. The second case relied on by the appellant is *Bertonazzi v. Hillman, supra.* There the suit was brought within the six months period but was instituted in the Circuit Court for Baltimore County instead of in one of the law courts of Baltimore City. This Court decided that bringing the action in the county court tolled the period of limitations until the case was dismissed because of improper venue. The instant case does not fit the situations of either of those cases.

The appellant also attempts to read Rule 205 c as giving him an additional six months period in which to file this action. Without citing any authority for this proposition he claims that since during the six months after the cause of action accrues the mother of an infant against whom a tort is committed has the sole right to file an action in the infant's behalf where the infant is in her sole custody, that a next friend of the infant is entitled to an additional six months period under Section 112. Neither the statute nor the rule gives any intimation that this is the case and as the appellant does not give any authority for this assertion we are not constrained to accept it.

We conclude that Judge Dyer was fully justified in granting the defendant's motion for summary judgment when the declaration showed on its face that the six month period had run and the plaintiff's sworn answer to the motion also set forth that the six months had expired before the suit was filed.

*Judgment affirmed, appellant to pay the costs.*