# MULLINS, ET AL. *v.* THORNE

[No. 331, September Term, 1968.]

*Decided July 1, 1969.*

Submitted on brief to HAMMOND, C. J., and MARBURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

Submitted by *Robert C. Verderaime, Stanley Levin* and *Verderaime & DuBois,* with whom was *Paul Berman* on the brief for appellants.

Submitted by *Vaughn & Shampain* for appellee Raymond J. Thorne and by *Francis B. Burch, Attorney General,* and *William E. Brannan, Assistant Attorney General,* for the Unsatisfied Claim and Judgment Fund Board.

BARNES, J., delivered the opinion of the Court.

In this appeal the single issue is whether or not the infancy of the appellants, William J. Mullins and his brother, Joe B. Mullins, the plaintiffs below, extended the time within which they were required under the provisions of Code (1957), Art. 66½, § 154(a), to file their Notice of Intention to Make Claim to the Unsatisfied Claim and Judgment Fund (the Fund) in order to permit them to apply for payment from the Fund. William J. Mullins received a judgment for $8000.00 and his brother, Joe B. Mullins, for $250.00 against the appellee, Raymond L. Thorne, defendant below, for personal injuries received as a result of the negligent operation by Thorne of a motor vehicle on November 29, 1964, on State Route No. 210 — Indian Head Highway — in Prince George's County. The plaintiff, Warren B. Mullins, the father and next friend of William and Joe, who also sued in his own right received a judgment for $2892.16. The defendant, Thorne, was an uninsured motorist and had no assets from which to pay the judgments. On October 31, 1968, the Circuit Court for Prince George's County (Me-

loy, J.), entered an order denying the petition of the appellants for payment of the judgments from the Fund. The other relevant facts and the questions to be decided on appeal were stipulated by the parties and are as follows:

"The plaintiffs, William J. Mullins, then 17 years of age, and Joe B. Mullins, then 16 years of age, were injured in an automobile accident that occurred on November 29, 1964, at about 11:00 p.m. on Maryland Rt. 210 in Prince George's County, Maryland, when the vehicle in which they were riding was struck by an uninsured motorist, Thorne. The said plaintiffs employed an attorney to represent their interest.

"UCJ-210 form, Notice of Intention to File Claim against the Unsatisfied Claim and Judgment Fund was not signed by plaintiffs until September 7, 1966, and not received by the Unsatisfied Claim and Judgment Fund Board until September 22, 1966.

"The plaintiffs engaged new counsel [1] and sued the said defendant, Thorne, in the Circuit Court for Prince George's County, and on August 5, 1968, a jury awarded verdicts in their favor for the injuries sustained in said accident. On September 8, 1968, plaintiffs petitioned the trial court for payment of the judgments on said verdicts out of the Unsatisfied Claim and Judgment Fund, but the Fund filed objections to the said petition stating that the required notice of intention to file a claim was not filed within the time provided under the statute.

"After a hearing on October 31, 1968, the trial court sustained said objections of the Unsatisfied Claim and Judgment Fund, holding that the petitioners failed to file their Notice of

---

1. Counsel who briefed and argued case on appeal were not the original counsel.

Intention to Make Claim against the Fund within the required time. (There is no issue of any physical incapacity extending the filing time.)

"That the question to be decided on appeal is:

"Did the infancy of the plaintiffs extend the time within which they were required to file their Notice of Intention to Make Claim to the Unsatisfied Claim and Judgment Fund, as provided in Section 154(a), of Article 66½ of the Annotated Code of Maryland, so as to permit them to receive payment from the said Fund?"

The plaintiffs have all taken timely appeals from the judgment of the trial court. However, the plaintiff, Warren B. Mullins, has made no argument, either in the brief or at oral argument, that he should not be barred from applying for payment from the fund as to the judgment which he received in his own right. We, therefore, consider any objection which he may have had as abandoned or waived, *Richmond Corp. v. Board of County Commissioners for Prince George's County*, 254 Md. 244, 255 A. 2d 398; *Harmon v. State Roads Comm.*, 242 Md. 24, 28-32, 217 A. 2d 513, 515-17 (1966); *Bishop v. Board of County Comm'rs of Prince George's County*, 230 Md. 494, 500, 187 A. 2d 851, 854 (1963), and will decide only the single issue as presented by the stipulation of the parties.

The section of the Unsatisfied Claim and Judgment Fund Law, Acts of 1957, Chapter 836, as amended (Art. 66½, §§ 150-179) (the Act), principally involved in this case is Art. 66½, § 154(a), which reads in relevant part, as follows:

"*Time and contents of notice.*—Any qualified person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State on or after the first day of June 1959, and whose damages may be satisfied in whole or in part from the fund

or the personal representative of such person, *shall*, within one hundred and eighty (180) days after the accident, *as a condition precedent to the right thereafter to apply for the payment from the fund, give notice* to the Board, as prescribed by it, of his intention to make a claim thereon for such damages, if otherwise uncollectible, and shall otherwise comply with the provisions of this section; * * *." (Emphasis supplied.)

The remaining portion of this section provides for proof of physical incapacity in lieu of the notice above provided if notice is given within 30 days after the claimant is physically capable of giving it or the giving of notice within 30 days after receiving notice of a disclaimer by an insurer, together with a requirement of notification of the Board of the institution of an action against the claimant within 15 days after such action is instituted, accompanied by a copy of the complaint.

When the Act was originally passed in 1957 the time for the normal period of notice was 90 days. This provision was amended by the Laws of 1961, Chapter 682, to enlarge the period to the present 180 days. The history of the Act was given by Judge (later Chief Judge) Prescott, for the Court, in *Simpler v. State ex rel. Boyd,* 223 Md. 456, 165 A. 2d 464 (1960), and need not be repeated here. The Act is modeled on a similar statute of New Jersey. *See Unsatisfied Claim & Judgment Fund Bd. v. Holland,* 241 Md. 294, 216 A. 2d 525 (1966). Although generally speaking, we have considered the decisions of the Courts of New Jersey persuasive, see *Unsatisfied Claim & Judgment Fund Bd. v. Holland, supra,* and *Unsatisfied Claim and Judgment Fund Bd. v. Mosley,* 234 Md. 386, 199 A. 2d 366 (1964), we have declined to follow decisions of the courts of that state where those decisions appeared to us to be contrary to the plain meaning of the language used in the statute. *Mundey v. Unsatisfied Claim & Judgment Fund Bd.,* 233 Md. 169, 173, 195 A. 2d 720, 722 (1963).

The *Mosley* case involved the failure of an infant, 19 years of age, to give notice within the 90 day period then required by § 154(a), and we approved the trial court's finding that notice was given within the time limit after the termination of a physical incapacity within one of the exceptions mentioned in § 154(a). In neither the lower court nor before us was it argued that the *minority* of the infant excused noncompliance with the then 90 day notice requirement, although this obviously would have been a far simpler way to have disposed of the case than was the consideration and determination of the factual issues in regard to physical incapacity. As we have observed, however, we did not *decide* in *Mosley* the issue involved in the present case.

In the present case, the appellants urge that the general provisions of Art. 57, § 2 of the Code which toll the three year statute of limitation of Art. 57, § 1, for persons "within the age of one and twenty years" until after the disability of infancy is removed, should likewise apply so as to toll the 180 days notice requirements of Art. 66½, § 154(a) until the disability of infancy is removed. The appellants rely on three New Jersey cases to support their contention: *Moore v. Truesdale,* 48 N.J. Super. 257, 137 A. 2d 433 (1958) ; *Trevorrow v. Boyer,* 52 N. J. Super. 215, 145 A. 2d 154 (1958) and *Giles v. Gassert,* 23 N. J. 22, 127 A. 2d 161 (1956).

In both the *Moore* and *Trevorrow* cases, the Superior Court of New Jersey relied heavily on a dictum in the opinion of the Supreme Court of New Jersey in *Giles v. Gassert, supra.* In *Giles,* the widow of a 39 year old decedent was appointed administratrix *ad prosequendum* of the decedent's estate on April 16, 1956. The fatal accident occurred on May 27, 1955. She retained counsel in July or early August 1955 and on August 3rd notice was given to the Board, followed up on September 16th with a formal notice on the form prescribed by it. The New Jersey statute at that time required that notice be given, as a condition precedent to a claim against the Fund,

within 30 days of the accident. The Supreme Court of New Jersey stated:

"The non-appointment of a personal representative by due form of law within the allotted statutory time for notice could not defeat the action. The widow here was plainly a 'qualified' person to give this notice; *certainly, the defendant minor children could not be barred of their right to invoke the benefit of the Fund by a failure of notice.*" (Emphasis supplied.) (23 N. J. at 34, 127 A. 2d at 167)

Our examination of the opinion in *Giles* fails to disclose that the rights of infants against the Fund were involved. In any event, even if we assume for the argument that the three New Jersey cases support the contention of the appellants, in our opinion, the plain and unambiguous language of § 154(a) requires us to decline to follow these New Jersey cases. See *Mundey, supra.*

The appellants correctly argue that their right of action existed at common law and was not created by the Act. There is no argument by the Unsatisfied Claim and Judgment Fund Board (the Board) to the contrary. The appellants would have been entirely within their rights to have waited until after reaching their majority to sue the appellee Thorne and if they sued within three years after reaching their majority, the statute of limitations in Art. 57, § 1 would not have been a bar. In our opinion, this argument does not help the appellants in this case. The right *to collect* an unsatisfied judgment from the public fund created by the Act is a right unknown to the common law and this newly created statutory right is governed by the specific provisions of the Act creating that right. Section 154(a) provides that the giving of the 180 day notice is "a condition precedent to the right thereafter to apply for payment from the fund," and this language is clear and unambiguous. There are no provisions in the act for tolling the notice requirement for infants or other persons under disability. The only

two factual situations where the 180 day notice requirement is not a condition precedent have already been mentioned and are admittedly not applicable in the present case. The instant case is similar to *MacBride v. Gulbro,* 247 Md. 727, 234 A. 2d 586 (1967), in which we held that the six months period for filing claims arising out of tort claims against a personal representative of the deceased tort feasor, being unknown to the common law, barred the cause of action of an infant against the administratrix of the deceased tort feasor filed subsequent to the passage of the six months statutory period. As Judge Marbury, for the Court, aptly stated:

> "The appellant relies on Code (1957), Article 57, Section 2, which gives persons under disability the right to claim the full period of limitations provided in Article 57, Section 1, after their disability has been removed, and the case of *Funk v. Wingert,* 134 Md. 523, 107 Atl. 345, holding that the disability is not removed simply because a minor or non compos mentis is able to sue by a next friend or committee. In the *Funk* case, *supra,* this Court construed Code (1912), Article 57, Section 2, which is almost identical to our present Article 57, Section 2, and decided that the appointment of a committee for a lunatic did not remove his disability and start the period of limitations to run. Conceding that this is the rule, it does not help the appellant's case. Here there is no question of removal of a disability to allow the three year period of limitations on a tort action to run. This case involves a statutory cause of action which provides for its own special period of limitations." (247 Md. at 729, 234 A. 2d at 587-88)

Judge Marbury also pointed out that the General Assembly had made no exception in the statute giving the right to sue the personal representative of the deceased tort-feasor to those under disability and noted the in-

jurious effects upon the orderly and proper administration of the estates of decedents that would result if such an exemption were held to be applicable. In the present case, also, it is apparent that the mandatory requirement of giving the 180 day notice (a reasonable period of time, in itself) to the Board, as a condition precedent to recovery, was intended to give the Board a reasonable opportunity to investigate the accident causing the injuries in question in order to prevent the making of stale, uninvestigated claims against which the Fund would be unable to adequately prepare its defense. If there were a general exemption based on infancy, it would be possible for notice to be effectively delayed for as much as 20 years until the infant reached his majority, and investigation of the claim under these circumstances would be extremely difficult if not practically impossible. In any event, the General Assembly made no such exemption to the 180 day notice requirement and it is our duty to follow and apply the clear and unambiguous language of the statute, and to give effect to the obvious purpose of the provision. If it is thought that there should be an exception to the requirement of giving the 180 day notice to persons under disability generally, the remedy is with the General Assembly.

> *Order of October 31, 1968, affirmed, the appellants to pay the costs.*