MASSEY ET AL. *v.* FOGGIE ET AL.

[No. 71, September Term, 1971.]

*Decided November 16, 1971.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* on the brief for Unsatisfied Claim and Judgment Fund Board and *Hugh L. Reilly* and *Bell & Reilly* on the brief for William B. Massey.

Submitted on brief by *Carleton U. Edwards, II,* for appellees.

508

[REDACTED]

PER CURIAM.

On 19 December 1967 the Unsatisfied Claim and Judgment Fund Board (Board) received from the appellee Eugene J. Foggie notice of his intention to make a claim against the Unsatisfied Claim and Judgment Fund (Fund) for damages, if otherwise uncollectible, arising out of injuries sustained on 9 July 1967 in a collision near Oxon Hill in Prince George's County, between a car owned and operated by his wife, in which he was a passenger, and a car driven by the appellant Massey. At the same time the Board received a similar notice given by Foggie on behalf of his 16 month old daughter Robin Foggie, also a passenger in the same car and who was killed as a result of the same collision. Neither notice made any mention of the fact that there had been two other minor children, Eugene, Jr. and Vancel, in the car when it collided with Massey's car.

In September 1970, after a trial before Bowen, J., and a jury, judgments were entered in favor of Eugene for $6,200, in favor of June, his wife, for $3,200, in favor of Eugene, Jr., for $3,000, and in favor of Vancel for $500. Three months later Foggie, his son Eugene, Jr., and his daughter Vancel filed a petition for payment of their judgment out of the Fund. Judge Bowen ordered payment and from his order the Board has appealed. June conceded she was ineligible to collect her judgment from the Fund since there was no blinking the fact she had been operating an uninsured vehicle. Code (1967 Repl. Vol.), Art. 66½, § 159(c).

The question presented is both sharp and narrow, i.e., in respect of Eugene, Jr., and Vancel, was the Board given the notice which was required by § 154 (a) of Art. 66½. Our decisions in *Wheeler v. Unsatisfied Claim and Judgment Fund*, 259 Md. 232 (1970) ; *Mullins v. Thorne*, 254 Md. 434 (1969) ; and *Mundey v. Unsatisfied Claim and Judgment Fund Board*, 233 Md. 169

(1963), compel a holding that no notice was given. A harsh answer, to be sure, but our regret in having to give it is alleviated, to some extent, by a recognition of the fact that the two notices were forwarded to the Board by a partner in the law firm which represented the Foggie family from at least that time all the way up to this Court. In these circumstances it is difficult to take seriously the argument that the two notices were intended to cover the unmentioned minors.

> *Affirmed in respect of Eugene J. Foggie, Sr. and Robin Foggie, reversed in respect of Eugene Foggie, Jr. and Vancel Foggie. Costs to be paid by the appellants.*