181 N.J. Super. 121 (1981)
436 A.2d 951
GREGORY WILKINS, AN INFANT BY HIS GUARDIAN AD LITEM, MARIAN F. WILKINS, AND MARIAN F. WILKINS, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
LEONARD SMITH AND SANDRA SMITH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1980.
Decided October 20, 1981.
*122 Before Judges ALLCORN and MORTON I. GREENBERG.
William O. Barnes, Jr. argued the cause for appellants.
Michael D. Andolino argued the cause for respondents (Elliot N. Fabricant, attorney).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
*123 Gregory Wilkins, the infant plaintiff in this action, was born July 8, 1967. On November 20, 1974, when he was seven years old, he allegedly suffered serious injuries as a result of being struck by an uninsured automobile driven by defendant Leonard Smith and owned by defendant Sandra Smith. This unfortunate though not unusual incident has given rise to lengthy proceedings in the Superior Court which must be described in detail for the disposition of this appeal.
On May 26, 1976 Gregory Wilkins, represented by his mother Marian F. Wilkins as guardian ad litem, filed an action in the Superior Court against the Smiths. Marian F. Wilkins also joined in the action individually. An answer was filed on behalf of the Smiths by an attorney who apparently was privately retained by them. We assume this since the Smiths were uninsured and no notice had previously been given to the Unsatisfied Claim and Judgment Fund (hereinafter the Fund) that plaintiffs intended to make a claim against the Fund. Plaintiffs subsequently served interrogatories on defendants which were answered by them on October 29, 1976. One answer recited that defendants were not insured.
Apparently as a result of defendants' answers to interrogatories, plaintiffs filed a notice of intention on April 4, 1977 to make a claim against the Fund. See N.J.S.A. 39:6-65. The notice was stated to be on behalf of Gregory Wilkins, an infant by his guardian ad litem Marian Wilkins, and Marian Wilkins individually. In January 1979 the Fund through its own counsel moved to dismiss the action against it even though it was not a party. No procedural objections to this motion were presented. In a written opinion dated January 8, 1979 the judge granted the Fund's motion. He reasoned that plaintiffs' notice would have been timely for the infant if it had been given within 90 days of the suit being filed or 15 days after disclaimer of coverage by an insurance carrier, whichever was later. See N.J.S.A. 39:6-65. The judge conceived that, even treating the *124 answers to interrogatories as a disclaimer, plaintiff had given late notice under either test of timeliness. The opinion did not distinguish between a notice on behalf of the infant and a notice on behalf of his mother individually. It is manifest, however, that if the notice for the infant was untimely, his mother's claim could be given no better status. On January 23, 1979 the judge signed an order dismissing the action as to the Fund. No appeal has ever been taken from this order. On May 7, 1979 the parties filed a stipulation of dismissal without prejudice as to plaintiffs and the Smiths, subject to the proviso that all "discovery entered into so far be binding upon any future case...." This stipulation was signed by private counsel retained by the Smiths.
On May 9, 1979 plaintiffs started a second action, the case now pending before us. The parties were the same as in the first case. The Fund again was not made a party but it was promptly sent a copy of the complaint which it acknowledges having received on May 22, 1979. The Fund later served a motion to dismiss the action as to it. This motion was argued January 9, 1981. The judge granted this motion in an oral opinion. He reasoned that an infant is given 90 days after commencement of an action to file a notice of intention with the Fund if the action is brought by a guardian ad litem. The judge felt that because the infant plaintiff was represented by a guardian ad litem in the first case he should be treated as having been an adult from the time that case had been brought. Since there had not been a timely notice in the initial action, then no greater effect could be given the notice in the later action. Again no distinction was made in the opinion between the claims of the infant and his mother individually. On January 21, 1981 the judge signed an order granting the Fund's motion to dismiss as to it. Plaintiffs then moved for leave to appeal. By our order of March 11, 1981 we granted their motion. It is this interlocutory appeal which is now pending.
This action centers on the meaning and application of N.J.S.A. 39:6-65, which provides, in part:

*125 Any qualified person, or the personal representative of such person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, and whose damages may be satisfied in whole or in part from the fund, shall, except in cases in which the claim is asserted by actions brought under section 18 of this act pursuant to section 19 of this act, within 90 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board, the form and contents of which shall be prescribed by the board, of his intention to make a claim thereon for such damages if otherwise uncollectible; provided, any such qualified person may, in lieu of giving said notice within said time, make proof to the court on the hearing of the application for the payment of a judgment (a) that he was physically incapable of giving said notice within said period and that he gave said notice within 90 days after he became physically capable to do so or in the event he did not become so capable, that a notice was given on his behalf within a reasonable period, or (b) that he gave notice to the board within 15 days of receiving notice that an insurer had disclaimed on a policy of insurance so as to remove or withdraw liability insurance coverage for his claim against a person or persons who allegedly caused him to suffer damages. A copy of the complaint shall be furnished to the board if an action has theretofore been brought for the enforcement of such claim. Such person shall also notify the board of any action thereafter instituted for the enforcement of such claim within 15 days after the institution thereof and such notice shall be accompanied by a copy of the complaint.
The thrust of the statute is that a claimant must within 90 days of an accident or 15 days of receipt of notice that an insurer has disclaimed on a policy of insurance give notice of intention to the Fund to make a claim against it. The notice is a condition precedent to making a claim. The 90-day period, however, is extended on behalf of a person physically unable to give notice. Such a person is given 90 days after he becomes physically capable of giving the notice. In Moore v. Truesdale, 48 N.J. Super. 257 (App.Div. 1958), this court decided how the time for making a claim on behalf of an infant would be determined.[1] There the accident was on November 23, 1955. The infant's father was appointed guardian ad litem in April *126 1956. The Fund was given a notice of intention on behalf of the infant on April 13, 1956. If the period to give notice had started running the date of the accident, the notice would have been late. The notice could be considered timely if the period commenced upon the appointment of the guardian ad litem. We, in effect, by treating the notice as timely determined that the period to give notice would start running when the guardian ad litem was appointed.
It is apparent under the Moore rationale that if plaintiffs' second action had been the only case ever brought against the Smiths, the notice to the Fund on behalf of Gregory Wilkins would have been timely. This is because notice was given on April 4, 1977, more than two years before the action was brought and the Fund was promptly advised of the action when it was later brought. Thus if the position of the Fund is to be sustained it cannot be because of prejudice it suffered from the passage of time after the accident before it was given notice. Indeed, if the second action had been the first case, the Fund would have been timely noticed on behalf of the infant plaintiff even if the first notice to it had come more than two years after April 4, 1977, the date it was in fact given.
The position of the Fund, however, is perhaps supportable on the different basis that to recover an applicant must comply with the conditions simply because the Legislature has the right to establish them. See Downing v. Stewart, 85 N.J. Super. 62, 66-67 (App.Div. 1964). But we perceive that it would be harsh to apply such a mechanical application of the law to bar a claim of an infant of tender years. While we recognize the logic of extending the time to file a notice of intention to 90 days after the appointment of a guardian ad litem since after a guardian ad litem is appointed the infant is represented by an adult, nevertheless it cannot seriously be maintained that such an appointment should be regarded in all respects as placing an infant on a parity with an adult litigant. For example, a guardian ad litem may not enter into a binding settlement of an infant's claim without court approval. See R. 4:44; Bauer v. *127 Griffin, 104 N.J. Super. 530, 546 (Law Div. 1969), aff'd 108 N.J. Super. 414 (App.Div.), certif. den. 56 N.J. 245 (1970). Obviously, an adult litigant ordinarily is free to make such a settlement. Similarly the appointment of a guardian ad litem would not trigger the running of the statute of limitations against the infant he was representing. If it did, plaintiffs' second action, having been brought more than two years after the first, would have been untimely as against even the Smiths. No such suggestion is or could be made.
In truth, we perceive of no reason to bar a claim for Gregory Wilkins against the Fund whether we decide the case from the viewpoint of prejudice to the Fund from the passage of time or from considerations of the importance of diligence for its own sake. Surely we ought not to hold that the infant plaintiff, who even now is only 14 years old, should be barred because of any dilatory or neglectful conduct on his part. Thus, we rule that the notice on behalf of Gregory Wilkins was timely.
We note that the result we reach in providing for liberal treatment of an infant's claim is consistent with the treatment of such claims by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. That statute allows an infant's notice of claim to be made anytime within his minority and perhaps within 90 days after he reaches majority. See N.J.S.A. 59:8-8; Vedutis v. Tesi, 135 N.J. Super. 337 (Law Div. 1975), aff'd o.b. 142 N.J. Super. 492 (App.Div. 1976). Practically, the result we reach is similar. As a policy matter within the context of infants' claims, such consistent results seem appropriate.[2]
*128 We do, however, have one reservation in remanding this case. The stipulation of dismissal in the first action provided that all discovery should be binding in future cases. We do not see why the Fund should be bound by this agreement since it ordinarily upon receipt of timely notice would have had the opportunity to participate in that first action. N.J.S.A. 39:6-67. Here it is apparent that there was at least some discovery before the Fund was notified of the claim. We know this because plaintiffs served and defendants answered interrogatories months before the Fund was sent a notice of intention. Accordingly, this stipulation will not be binding on the remand in this case unless the Fund elects to adopt it.
The order of January 21, 1981 is reversed and the matter is remanded to the Superior Court, Law Division, Essex County, for further proceedings not inconsistent with this opinion. The notice to the Fund on behalf of the infant plaintiff shall be treated as timely. We do not retain jurisdiction.
NOTES
[1] Actually the period for a claim was 30 days at the time of the accident in Moore, but the principle is the same. N.J.S.A. 39:6-65 was amended by L. 1956, c. 200, to provide that notice to the Fund was required to be given within 90 days after the accident rather than 30 days as specified in the original law. L. 1952, c. 174.
[2] The notice of intention filed was recited to be on behalf of "Gregory Wilkins, an infant by his Guardian, Marian Wilkins and Marian F. Wilkins Individually." Plaintiffs' brief does not urge that the notice on behalf of Marian F. Wilkins, individually, was timely. See Moore v. Truesdale, supra, 48 N.J. Super. at 260; Trevorrow v. Boyer, 52 N.J. Super. 215 (Law Div. 1958). Consequently, we do not reach the question of the timeliness of the notice insofar as it relates to any individual claim of Marian F. Wilkins. Such notice shall continue to be treated as untimely. Our reversal is limited to the claim on behalf of the infant.